```
                   UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF LOUISIANA

LYNARD JONES                                  CIVIL ACTION

VERSUS                                        NO: 07-4714

IMPERIAL FIRE AND CASUALTY                    SECTION: J(4)
INSURANCE CO., ET AL
```

### ORDER AND REASONS

Before the Court is Defendant Imperial Fire and Casualty Insurance Company's ("Imperial") **Motion for Summary Judgment (Rec. Doc. 16)**. This motion, which is opposed, is set for hearing on June 25, 2008 on the briefs. Upon review of the record, the memoranda of counsel, and the applicable law, this Court now finds, for the reasons set forth below, that Imperial's motion should be granted.

### Background Facts

Plaintiff was the owner of a residential building, which, as a result of Hurricane Katrina, sustained damage due to flooding. The property was insured by Imperial, which issued a Standard Flood Insurance Policy ("SFIP") under the Write-Your-Own Program of the National Flood Insurance Program ("NFIP").

Plaintiff made a claim for flood loss damage under his SFIP, and Imperial commenced the process of adjusting the claim. Plaintiff was paid a total of $542.23 after deducting the $1000 deductible. Plaintiff then filed suit seeking additional payments under his SFIP.

## The Parties' Arguments

Imperial argues that Plaintiff is not entitled to recover any U.S. Treasury benefits pursuant to his SFIP because Plaintiff failed to comply with the conditions precedent to the filing of his lawsuit, namely, he failed to submit a timely, signed, and sworn Proof of Loss.

Additionally, according to Imperial, Plaintiff's state-law based extra-contractual claims, including the claim relating to how Plaintiff's SFIP claim was adjusted, are preempted by federal law.

In opposition, Plaintiff argues that the Federal Emergency Management Agency ("FEMA") circulated "conflicting messages" that waived the formal filing of the Proof of Loss in the SFIP. As such, Plaintiff argues that an issue of material fact exists as to whether and to what extent FEMA waived the Proof of Loss requirement.

## Discussion

Article VII(R) of the SFIP provides that a claimant must meet __all__ the conditions precedent prior to filing a lawsuit.

2

Generally, SFIP policies require an insured asserting a claim to file a Proof of Loss within 60 days, stating the amount claimed under the policy.  SFIP Article VII(J)(4).  Because of the extent of the damage resulting from Hurricane Katrina and a shortage of qualified adjusters, on August 31, 2005, FEMA waived the requirement to file a proof of loss prior to receiving insurance proceeds.  Under the waiver, the loss would be payable as soon as practicable after the insurer received the adjuster's report.  If the insured disagreed with the adjuster's report, a Proof of Loss would be required as follows:

> In the event a policyholder disagrees with the insurer's adjustment, settlement, or payment of the claim, a policyholder may submit to the insurer a proof of loss within one year from the date of the loss . . . .  The insurer will then process the policyholder's proof of loss in its normal fashion.  If the insurer rejects the proof of loss in whole or in part, the policyholder may file a lawsuit against the insurer within one year of the date of the written denial of all or part of the claim.

Id.  Under 44 C.F.R. Pt. 61, App. A, Art. VII(J)(4), the proof of loss must state the amount of loss, furnish certain information about the loss, and be signed and sworn by the insured.

Courts have strictly enforced the requirement to file a timely proof of loss, holding that failure to timely file a proof of loss in compliance with regulatory requirements is a valid basis for denying a claim.  See Wright v. Allstate Ins. Co., 415 F.3d 384, 387 (5th Cir. 2005); Perilliat v. Allstate Ins. Co., No. 07-6036, 2008 WL 2185321 (E.D. La. May 23, 2008).  "Where

federal funds are implicated, the person seeking those funds is obligated to familiarize himself with the legal requirements for receipt of such funds.  <u>Wright</u>, 415 F.3d at 388.

Since Plaintiff failed to timely submit a signed and sworn Proof of Loss, this condition precedent was not fulfilled.  As such, Plaintiff cannot maintain his suit against Imperial, and any position to the contrary flies in the face of federal statutory law, the Administrator's waiver, and Fifth Circuit jurisprudence.  See <u>Richardson v. American Bankers Ins. Co.</u>, 2008 WL 510518 (5th Cir. 2008) (strictly construing the Proof of Loss requirement).  Imperial is therefore entitled to judgment as a matter of law.  Accordingly,

**IT IS ORDERED** that Imperial's **Motion for Summary Judgment (Rec. Doc. 16)** is hereby **GRANTED.**

New Orleans, Louisiana, this 20th day of June, 2008.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

4